**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

SIDNEY HARVEY, PLAINTIFF
ADC #081397

v. 5:12-cv-00429-SWW-JTK

GAYLON LAY, et al. DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I. Introduction**

Plaintiff Sidney Harvey is a state inmate confined at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action against Defendants based on their failure to provide him with a seat during yard call, alleging he was injured in Vietnam and cannot stand for the duration of yard call. By Order dated November 21, 2012 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court provided Plaintiff with the opportunity to amend his complaint. Plaintiff filed an Amended Complaint (Doc. No. 4).

**II. Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III. Facts and Analysis**

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff alleges in his Amended Complaint that Defendants Warden Lay, Deputy Warden Mark Warner, Captain Donald Tate and Major Vernon Robertson are responsible for the welfare of inmates at the Cummins Unit and refuse to authorize the placement of a stationary seat on yard call for Plaintiff, who is disabled. (Doc. No. 4, p. 4.) Plaintiff sets forth numerous occasions in which he was denied access to a chair or wheelchair during yard call by various ADC non-party officers. (Id. at pp. 5-6.) He states that he "cannot stand for 10 to 15 minutes without

severe pain within the lower back, hips, knees, and ankles," and must "have a seat of adequate width and height to rest," after "ambulating with the aid of a cane 10 to 15 minutes." (Id. at p. 4.) As a result, he claims he has been denied direct sunshine for over two hundred days, which has in turn caused the development of cellulitis in his leg, ankle and foot. (Id. at p. 6.) In support of his Amended Complaint, Plaintiff attaches a copy of his Unit restrictions, which state that he is restricted from strenuous physical activity for periods in excess of two hours; restricted from prolonged crawling, stooping, running, jumping, walking or standing; and restricted from lifting heavy materials in excess of nine pounds. (Id. at p. 15.) He also attaches a copy of a grievance he filed, together with the Chief Deputy/Deputy/Assistant Director's response, which states that Plaintiff is permitted to sit on the ground during yard call and that "there is nothing in your medical jacket that prevents you from sitting on the ground. Your medical script does not prevent you from being assigned to strenuous work for 2 hours....Furthermore, the Nurse Practitioner, Ms. Bland states in part, 'he needs to be walking around, slowly for 1 hour and does not need to sit out because that will make his physical condition worse.'" (Id. at p. 23.) The response also notes that Plaintiff was treated in the infirmary for cellulitis and swelling in his left leg from August 30, 2012, until he was discharged to his barracks on September 26, 2012. Id.

In order to support an Eighth Amendment claim against Defendants, Plaintiff must allege that they acted with deliberate indifference to his serious medical needs. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional

violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).

In this case, Plaintiff does not allege any specific acts of deliberate indifference by Defendants, other than to state that they will not authorize a chair in the yard. He admits in his Amended Complaint that he is able to walk around for ten to fifteen minutes, and he does not state that he cannot sit on the ground. Therefore, his claim that he has been denied sunshine for two hundred days appears to be due to his own choice not to attend yard call, and not due to any actions/inactions of the Defendants. Furthermore, his work assignment/restrictions permits strenuous work for two hours at a time, and Plaintiff does not allege any involvement of the Defendants with respect to that assignment/restriction. Therefore, absent any facts or allegations to support deliberate indifference by the Defendants, the Court finds that Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted,

**IV. Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint against Defendants be DISMISSED with prejudice, for failure to state a claim upon which relief may be granted.

2 This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 31st day of January, 2013.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE